**AMERICAN BOOKSELLERS ASSOCIATION, INC., Association of American Publishers, International Periodical Distributors Association, Council for Periodical Distributors Association, Inc., Salt of the Earth Books and Periodicals, Inc., and New Bedford, Ltd. d/b/a Books West of Santa Fe, Plaintiffs–Appellants,**

and

**National Association of College Stores, Inc., Plaintiff,**

v.

**Steven H. SCHIFF, in his official capacity as District Attorney for Bernalillo County, New Mexico, and as nominal representative for all District Attorneys in the State of New Mexico, and Hal Stratton, in his official capacity as Attorney General of the State of New Mexico, Defendants–Appellees.**

No. 86–2708.

United States Court of Appeals, Tenth Circuit.

March 6, 1989.

Michael A. Bamberger of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, New York City (David C. Burger of Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, New York City, with him, on the brief, Burton Joseph of Barsy, Joseph & Lichtenstein, Chicago, Ill., and Philip B. Davis, Legal Director, New Mexico Civil Liberties Union, Albuquerque, N.M., of counsel), for plaintiffs-appellants.

Harry Zimmerman, Asst. Dist. Atty., Second Judicial Dist. (Steven H. Schiff, Dist. Atty., Second Judicial Dist., with him, on the brief), Albuquerque, N.M., for defendants-appellees.

Before HOLLOWAY, Chief Judge, SETH and ANDERSON, Circuit Judges.

SETH, Circuit Judge.

The plaintiffs in this action—publishers, distributors, and sellers of books, magazines, and other printed and visual materi-

als—sought a judgment in federal district court declaring unconstitutional, and permanently enjoining from enforcement, a New Mexico law that regulates the display of material deemed "harmful to minors." The trial court determined, *sua sponte*, that the plaintiffs failed to establish a case or controversy under Article III of the Constitution, and therefore dismissed the action for lack of subject matter jurisdiction. 649 F.Supp. 1009. Because we believe that the plaintiffs did establish such standing, we reverse the trial court's decision and remand the cause for further proceedings.

Since 1973 New Mexico has prohibited the sale to minors of sexually-oriented material deemed "harmful to minors," including certain material which is not obscene as to adults. *See* N.M.STAT.ANN. §§ 30–37–1, –2 (Supp.1987). In 1985 New Mexico amended its law to make it unlawful for retail establishments "to knowingly exhibit" such material "within the convenient reach of minors." *See* N.M.STAT.ANN. § 30–37–2.1 (Supp.1987). The statute also makes it unlawful for a retail establishment to exhibit such material on "open display" if the material's cover depicts certain sexually-oriented activities, whether or not the material lies within minors' convenient reach. *Id.* The plaintiffs argued below that the statute, as amended, is vague, overbroad, and imposes a prior restraint. As a result of these defects, they argued, the statute severely restricts the availability, display, and distribution of non-obscene but sexually-oriented materials to both minors and adults, and thus violates the rights of booksellers and of the public under the First and Fourteenth Amendments to the United States Constitution.

The trial court focused on the pre-prosecution features of the statute in deciding that the plaintiffs' action did not constitute an Article III case or controversy. Under the statute, the district attorney must determine that specific material is harmful to minors, and the defendant must receive actual or constructive notice of that determination, before a prosecution can commence for unlawful exhibition of such material. N.M.STAT.ANN. § 30–37–4(A) (Supp.1987). Because no district attorney

has yet made such a determination under the statute, the trial court reasoned, the plaintiffs cannot entertain a reasonable fear of prosecution, and their alleged injury is a mere possibility in the remote future.

The Supreme Court recently considered the issue of Article III standing in a pre-enforcement facial challenge to a Virginia statute substantially similar to the one challenged here. In *Virginia v. American Booksellers Ass'n*, 484 U.S. 383, 108 S.Ct. 636, 642, 98 L.Ed.2d 782, (1988) the Court stated:

> "We are not troubled by the pre-enforcement nature of this suit. The State has not suggested that the newly enacted law will not be enforced, and we see no reason to assume otherwise. We conclude that plaintiffs have alleged an actual and well-founded fear that the law will be enforced against them. Further, the alleged danger of this statute is, in large measure, one of self-censorship; a harm that can be realized even without an actual prosecution."

We believe that the Court's disposition of the standing issue applies with equal force in this case.

The trial court, citing the Fourth Circuit decision below, *American Booksellers Ass'n v. Virginia*, 802 F.2d 691 (4th Cir. 1986), *questions certified*, 484 U.S. 383, 108 S.Ct. 636, 98 L.Ed.2d 782 (1988), distinguished the Virginia statute on the basis that it does not require a district attorney to make findings and give notice of those findings prior to prosecution, as the New Mexico statute does. The trial court apparently assumed that prosecution under the statute poses the only credible threat to speech rights, and that the district attorney's determination of harmfulness merely raises the specter of such a threat. The New Mexico statute, however, undermines this position in acknowledging on its face that the district attorney's determination itself "adversely affect[s]" potential defendants under the statute. *See* N.M.STAT. ANN. § 30–37–4(B) (Supp.1987) (providing that "[a]ny person adversely affected by such determination" may challenge the determination in court). Furthermore, once

the district attorney determines that certain material is harmful to minors, the statute places upon the distributor or retail establishment marketing such material the burden of establishing that the material is not harmful to minors. *See id.* Thus, the threat of a determination of harmfulness— apart from the possibility of prosecution— is substantial enough to establish Article III standing for the plaintiffs in this action.

Finally, the trial court asserted that the plaintiffs lacked standing because, even if they prevailed in their challenge to the 1985 amendment, the original statute "most likely proscribes the same type of display as proscribed in [the amendment]." We do not agree. The original statute, as codified at N.M.STAT.ANN. § 30–37–2 (Supp.1987), prohibits the "display for sale" of material deemed harmful to minors. The amendment, codified at N.M.STAT. ANN. § 30–37–2.1 (Supp.1987), prohibits the display of such material without regard to purpose. We believe that the scope of the amendment's prohibition is sufficiently broader than the scope of the original statute's prohibition that a successful challenge to the amendment would provide the plaintiffs effective relief.

For the reasons set forth above, we REVERSE the judgment of the district court, and REMAND the cause for further proceedings not inconsistent with this opinion.